IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK MONCRIEF, III, #254522, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-123-RAH-KFP |
| | ) | |
| JEFFERY BALDWIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| MARK MONCRIEF, III, #254522, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-151-RAH-KFP |
| | ) | |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this consolidated case, Alabama prisoner Mark Moncrief, III filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 2007 murder conviction and resulting 30-year sentence. Docs. 1, 9; [Case #151] Doc. 1.[1] For the reasons discussed below, the Magistrate Judge RECOMMENDS that Moncrief's petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

---

[1] References to documents filed in Case No. 2:22-CV-123-RAH-KFP are designated as "Doc." while references to documents filed in Case No. 2:22-CV-151-RAH-KFP are designated as "[Case #151] Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on copies submitted for filing.

I.  **BACKGROUND**

    A.  **State Court Proceedings**

        1.  *Conviction and Appeal*

On June 19, 2007, Moncrief pleaded guilty in the Circuit Court of Montgomery County to murder in violation of Ala. Code § 13A-6-2. On July 26, 2007, the trial court sentenced Moncrief to 30 years in prison. Doc. 16-8 at 1. Moncrief appealed, but the Alabama Court of Criminal Appeals dismissed his appeal on October 3, 2007, because he reserved no issues for appellate review when pleading guilty. Docs. 16-1, 16-2, 16-3. On that same date, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. 16-3. Moncrief did not apply for rehearing, and he did not seek certiorari review with the Alabama Supreme Court.

        2.  *State Post-Conviction Petitions, Ala. R. Crim. P. 32*

On October 19, 2007, Moncrief filed a pro se petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[2] Doc. 16-4 at 6–14. In the petition, Moncrief argued that his trial counsel was ineffective for inducing him to plead guilty by underestimating his sentence. *Id*. at 11. The trial court conducted an evidentiary hearing on Moncrief's Rule 32 petition (*id*. at 43–130), and on April 11, 2008, the trial court entered an order denying the petition (*id*. at 19–20). Moncrief appealed, and on April 24, 2009, the Alabama Court of Criminal Appeals issued a memorandum opinion

---

[2] Moncrief's Rule 32 petition was docketed as filed in the state trial court on November 7, 2007. Doc. 16-4 at 2. However, applying the prison mailbox rule, this Court deems the petition to have been filed on October 19, 2007, the date Moncrief represented that he delivered the petition to prison authorities for mailing. *Id*. at 13–14. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

affirming the trial court's judgment. Doc. 16-8. Moncrief did not apply for rehearing, and he did not seek certiorari review in the state supreme court. A certificate of judgment was issued on May 13, 2009. Doc. 16-9.

Moncrief filed a second Rule 32 petition on October 25, 2010.[3] Doc. 16-11 at 4–18. In the petition, he argued that the trial court lacked jurisdiction to enter his conviction and sentence because he never received a copy of his indictment. *Id*. at 8, 15–18. He also argued he was entitled to an out-of-time appeal from his conviction. *Id*. at 9. The trial court denied Moncrief's Rule 32 petition on January 28, 2011, finding that Moncrief's claims lacked merit and that his petition was also time-barred. Doc. 16-13. Moncrief did not appeal.

On March 14, 2011, Moncrief filed a third Rule 32 petition in the trial court. Doc. 16-14 at 5–17. In the petition, Moncrief argued that the trial court lacked jurisdiction to accept his guilty plea and that his guilty plea was involuntary. *Id*. at 11–14. The trial court denied Moncrief's Rule 32 petition on May 6, 2011, finding that his claims were successive. *Id*. at 29. Moncrief appealed, and on October 21, 2011, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment. Doc. 16-17. Moncrief did not apply for rehearing or seek certiorari review. A certificate of judgment was issued on November 9, 2011. Doc. 16-18.

---

[3] The Court applies the prison mailbox rule to determine the filing date.

### B. Federal Habeas Petitions under 28 U.S.C. § 2254

On February 10, 2022,[4] Moncrief filed a pro se petition in this Court challenging his 2007 murder conviction. Doc. 1. Because Moncrief used a form meant for state petitions for relief under Ala. R. Crim. P. 32,[5] the Court advised him in an Order entered on April 4, 2022, that the correct vehicle for him to challenge his state conviction was a petition for writ of habeas corpus under 28 U.S.C. § 2254 and further advised him, in compliance with *Castro v. United States*, 540 U.S. 375 (2003), that the Court was recharacterizing his filing as a § 2254 petition. Doc. 6. The Court's *Castro* Order directed Moncrief to inform the Court whether he wished to (1) proceed under § 2254 on the claims in his petition; (2) amend his petition to assert additional claims under § 2254; or (3) withdraw his petition. Doc. 6 at 2.

On April 11, 2022, in response to the Court's *Castro* Order, Moncrief filed an amendment to his § 2254 petition presenting additional claims. Doc. 9. In his § 2254 petition, as amended, Moncrief asserts claims that (1) he killed the victim in self-defense; (2) his counsel misrepresented the terms of his guilty plea; and (3) his counsel rendered ineffective assistance in other ways. *Id*. at 5–9. On May 6, 2022, Respondents filed an

---

[4] Moncrief's petition was date-stamped as received by the Court on March 9, 2022. Doc. 1 at 1. However, applying the prison mailbox rule, the Court deems the petition to be filed on February 10, 2022, the date Moncrief says he signed the petition and delivered it to prison authorities for mailing. *Id*. at 7–8.

[5] As grounds for relief, Moncrief merely checked two blanks on the Ala. R. Crim. P. 32 form with the following boilerplate language: "The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceedings, or other relief," and "The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law." Doc. 1 at 4, 5. Moncrief did not elaborate on these grounds.

Answer arguing that Moncrief's § 2254 petition is time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).[6] Doc. 16 at 7–12.

On March 14, 2022, Moncrief filed what was docketed in this Court, under Case No. 2:22-CV-151-RAH-KFP, as another § 2254 petition challenging his 2007 murder conviction. [Case #151] Doc. 1. In the petition, Moncrief again asserts that he killed the victim in self-defense and argues generally that his trial counsel was ineffective. *Id.* at 2-4.

On September 13, 2022, this Court entered an order directing consolidation of Moncrief's petitions in Case Nos. 2:22-CV-123-RAH-KFP and 2:22-CV-151-RAH-KFP, with Case No. 2:22-CV-123-RAH-KFP designated as the lead case. Doc. 19; *see* [Case #151] Doc. 12. Thus, the Court treats Moncrief's pleadings in Case Nos. 2:22-CV-123-RAH-KFP and 2:22-CV-151-RAH-KFP as a single, consolidated § 2254 petition. And, as next discussed, the Court finds—as Respondents have argued—that Moncrief's § 2254 petition is time-barred under the federal statute of limitations.

## II.  DISCUSSION

### A.  AEDPA's One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[6] Respondents also argue that Moncrief's claims are unexhausted and procedurally defaulted because they were not subjected to a complete round of appellate review in the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Doc. 16 at 12–16.

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  **B.**  **Computation of Timeliness**

    *1.*  *Limitation Period Under § 2244(d)(1)(A)*

Usually, a § 2254 petition must be filed within a year after the date on which the state court's judgment of conviction becomes final, either by conclusion of direct review or expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *see Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Where a petitioner appeals his Alabama conviction but does seek certiorari review in the Alabama Supreme Court, his judgment of conviction becomes final when the time to seek that review expires. *Kister v. Jones*, 2021 WL 5411213, at *3 (N.D. Ala. Oct. 26, 2021) (citing *Gonzalez v. Thaler*, 565 U.S. 134,

137, 150 (2012)). Here, the Alabama Court of Criminal Appeals dismissed Moncrief's direct appeal on October 3, 2007. Doc. 16-3. Moncrief did not apply for rehearing in the Court of Criminal Appeals or file a petition for writ of certiorari with the Alabama Supreme Court. Accordingly, his conviction became final for purposes of § 2244(d)(1)(A) on the date his time for filing an application for rehearing in the Court of Criminal Appeals expired. *Kister*, 2021 WL 5411213, at *3; *Harvey v. Price*, 2018 WL 2731232, at *2 (N.D. Ala. Apr. 26, 2018). That date was 14 days after the Court of Criminal Appeals' October 3, 2007 dismissal of his appeal—i.e., on October 17, 2007. *See* Ala. R. App. P. 40(c). Therefore, under § 2244(1)(A), AEDPA's one-year statute of limitations began to run on October 17, 2007. Absent some effective tolling event, Moncrief had until October 17, 2008, to file a timely petition under § 2254. As next discussed, statutory tolling under 28 U.S.C. § 2244(d)(2) extended the AEDPA filing deadline beyond that date.

    **2.**    ***Statutory Tolling***

Pursuant to § 2244(d)(2), the one-year limitation period is tolled during the pendency of a properly filed state court petition. *See* 28 U.S.C. § 2244(d)(2). As recounted above, on October 19, 2007, when 2 days of the AEDPA limitation period had run,[7] Moncrief filed what was his first Rule 32 petition in the state trial court. Under § 2244(d)(2), that filing tolled the federal statute of limitations. After the trial court denied the Rule 32 petition, Moncrief appealed, and on April 24, 2009, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment.

---

[7] From October 17, 2007 to October 19, 2007.

Moncrief did not apply for rehearing, and he did not seek certiorari review in the state supreme court. The Alabama Court of Criminal Appeals issued a certificate of judgment on May 13, 2009, concluding the Rule 32 proceedings. With the conclusion of the Rule 32 proceedings, AEDPA's statute of limitations began to run again on May 13, 2009, with 363 days (365 days – 2 days) remaining on the federal clock.[8] With no further tolling events occurring during those 363 days, the statute of limitations expired on May 11, 2010.

Although Moncrief filed a second Rule 32 petition on October 25, 2010, and a third Rule 32 petition on March 14, 2011, those petitions (unlike his first Rule 32 petition) had no tolling effect under § 2244(d)(2), because AEDPA's statute of limitations had expired on May 11, 2010—well before the second and third Rule 32 petitions were filed. "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "[O]nce a deadline has expired, there is nothing left to toll." *Id.*; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). Therefore, Moncrief receives no tolling benefit under § 2244(d)(2) with respect to his second and third Rule 32 petitions.

Moncrief sets forth no facts or arguments to establish a tolling event or triggering date under 28 U.S.C. § 2244(d)(1)(B), (C), or (D); i.e., he does not show that an unlawful state action impeded him from filing a timely § 2254 petition, that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively

---

[8] Section 2244(d)(2) operates as a "stop-start" provision that requires a court to consider any time during which no state action is pending. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence.

For Moncrief, AEDPA's statute of limitations expired on May 11, 2010. Moncrief filed his § 2254 petition on February 10, 2022—making it untimely under the statute by over 11 years.

### 3. *Equitable Tolling*

The AEDPA limitation period may be equitably tolled on grounds besides those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, "equitable tolling is an extraordinary remedy . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden to establish that equitable tolling is warranted falls on the petitioner. *Hunter*, 587 F.3d at 1308. Although afforded an opportunity to do so, Moncrief makes no argument that he is entitled to equitable tolling, and the Court knows of no reason that would support equitable tolling in his case. Therefore, his petition is subject to dismissal for untimeliness.

### C. Actual Innocence

Notwithstanding AEDPA's one-year statute of limitations, it has been recognized that the untimeliness of a habeas petition can be overcome—thereby opening the door to

review—through a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Moncrief points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. He makes only bare assertions that he acted in self-defense while making a legal argument regarding the stand-your-ground doctrine that does not touch upon the question of his factual innocence. Doc. 9 at 5; Doc. 18 at 3–4. Despite pleading guilty to murder, Moncrief now claims he shot the victim in self-defense because, he says, he was attacked from behind by the victim. Doc. 9 at 5; Doc. 18 at 3–4; [Case

#151] Doc. 1 at 3. Moncrief's bare assertion that this is what happened does not present sufficient evidence of his actual innocence of murder to conclude that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327. Further, a defense predicated on such an assertion was available to Moncrief at the time he pleaded guilty. Because Moncrief knew this information (the alleged circumstances under which he shot the victim) and still pleaded guilty, "it is difficult for him to now argue that this evidence is new and is of such exculpatory value that no reasonable juror could have convicted him because of it." *Hopkins v. Taylor*, 2014 WL 4693630, at *3 (E.D. Ky. Aug. 26, 2014).

Moncrief's actual-innocence claim is undermined by his sworn admission of guilt when pleading guilty to murder in 2007. He alleges evidence that is neither new nor reliable. It is not the sort of extraordinary and reliable evidence that warrants the rare relief available under the actual-innocence exception. As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Moncrief's is not such a case. Because the actual-innocence exception does not apply, the claims in Moncrief's time-barred § 2254 petition are not subject to federal habeas review.

### III.   CONCLUSION

It is therefore the RECOMMENDATION of the Magistrate Judge that Moncrief's 28 U.S.C. § 2254 petition be DENIED as time-barred under 28 U.S.C. § 2244(d)(1)(A) and that this case be DISMISSED with prejudice.

It is further ORDERED that, by **November 21, 2023**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 7th day of November, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE